This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                      **No. 36,124**

**AUSTIN BOONE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Raymond L. Romero, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Attorney General
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Austin Boone (Defendant) appeals his conviction of aggravated fleeing from a law enforcement officer. *See* NMSA 1978, § 30-22-1.1 (2003). On appeal,

Defendant challenges the sufficiency of the evidence to support his conviction, specifically asserting that the State failed to offer evidence that he drove in a manner that "endangers the life of another person." [MIO 3] This Court issued a calendar notice proposing to affirm Defendant's conviction and he has filed a memorandum in opposition to that proposed summary disposition. Having duly considered that memorandum, we are unpersuaded and now affirm.

{2}	At trial, the State offered the testimony of a sheriff's deputy who apparently chased Defendant down Highway 285, near Artesia, using his emergency lights and siren. [DS unnumbered page 3; MIO 1] According to that testimony, Defendant "traveled at speeds of 55-65 miles per hour, with a passenger in the car, and stopped abruptly, causing the deputy to swerve to avoid hitting him." [MIO 4] In his memorandum in opposition, Defendant argues that these facts do not rise to the level of endangering anyone by attempting to distinguish them from the facts in a pair of other cases in which aggravated fleeing convictions were affirmed. [MIO 4-5]

{3}	It is true that *State v. Coleman*, 2011-NMCA-087, ¶ 4, 150 N.M. 622, 264 P.3d 523, involved a defendant running stop signs at over 100 miles an hour. It is also true that the defendant in *State v.Padilla*, 2008-NMSC-006, ¶ 3, 143 N.M. 310, 176 P.3d 299, drove through stop signs at eighty miles an hour. More importantly, however, in both of those cases—just as in this case—there were passengers in the defendants'

cars who were placed at risk by the defendants' behavior. In *Coleman,* we held that two passengers were placed in jeopardy during the chase, and in *Padilla*, two passengers were endangered, in part, because of a broken door latch that allowed a door to swing partly open while taking corners at high speed. *See Coleman*, 2011-NMCA-087, ¶ 22; *see also Padilla*, 2008-NMSC-006, ¶ 17.

{4}    In this case, Defendant's passenger was in his car when he stopped abruptly, forcing a sheriff's deputy to swerve to avoid hitting his car. [MIO 1, 4; DS 4] There can be little doubt that a car collision at highway speeds involves significant risks. Based upon the testimony received at trial, Defendant exposed his passenger to those risks. In doing so, Defendant endangered the life of another person for purposes of Section 30-22-1.1. Defendant's conviction is affirmed.

{5}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**

3